James F. Speyer (SBN 133114)
James.Speyer@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Phone: (213)243-4000
Fax: (213)243-4199

Norman M. Leon (*pro hac vice* application forthcoming*)*
Norman.Leon@dlapiper.com
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
Phone: 312) 368-4000

Ellen M. Bronchetti (SBN 226975)
Ellen.Broncheti@dlapiper.com
DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105

Attorneys for Defendant 7-Eleven, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SERGE HAITAYAN, JASPREET DHILLON, ROBERT ELKINS, and MANINDER "PAUL" LOBANA, individually, and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>7-ELEVEN, INC., a Texas corporation,<br><br>Defendant. | Case No. 2:17-cv-7454 JFW (JPRx)<br><br>**DEFENDANT 7-ELEVEN, INC.'S ANSWER TO THE AMENDED COMPLAINT** |

38089457

Defendant 7-Eleven, Inc. ("7-Eleven") responds to the correspondingly numbered paragraphs of plaintiffs' Amended Complaint For Damages, Restitution, And Other Relief as follows.

For convenience, 7-Eleven uses in this Answer the section headings contained in the Amended Complaint. However, 7-Eleven makes no admission as to any allegations contained in those headings.

## I.   JURISDICTION AND VENUE

1.      7-Eleven admits that it is a Texas Corporation. With respect to the remaining allegations contained in paragraph 1, they constitute conclusions of law to which no responsive pleading is required. To the extent that a response is required, 7-Eleven denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, except admits that plaintiffs purport to invoke this Court's jurisdiction under the statutes set forth in paragraph 1.

2.      7-Eleven lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies those allegations, except admits that Serge Haitayan is a franchisee in Fresno, California.

3.      7-Eleven lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies those allegations, except admits that Jaspreet Dhillon is a franchisee in Los Angeles, California.

4.      7-Eleven lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies those allegations, except admits that Robert Elkins is a franchisee in San Diego County, California.

5.      7-Eleven lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies those allegations, except admits that Maninder "Paul" Lobana is a franchisee in Ventura County, California.

6.      The allegations contained in paragraph 6 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations contained in paragraph 6 may be deemed to allege facts, they are denied.

7.      7-Eleven admits the allegations contained in the first sentence of paragraph 7.  7-Eleven denies any and all remaining allegations in paragraph 7.

8.      7-Eleven denies  the allegations contained in paragraph 8.

9.      The allegations contained in paragraph 9 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations contained in paragraph 9 may be deemed to allege facts, they are denied.

10.      The allegations in paragraph 10 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations contained in paragraph 10 may be deemed to allege facts, they are denied.

11.      7-Eleven admits that Plaintiffs Dhillon and Lobana each entered into a franchise agreement with 7-Eleven.  With respect to the remaining allegations in paragraph 11, they constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to allege facts, they are denied.

## II.      GENERAL ALLEGATIONS AND FACTS COMMON TO ALL COUNTS

12.      The allegations contained in paragraph 12 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations contained in paragraph 12 may be deemed to allege facts, they are denied.

13.      7-Eleven denies the allegations contained in paragraph 13, and refers to the franchise agreement and Operations Manual for the full terms and provisions thereof.

14.      7-Eleven admits  that the franchise agreement requires franchisees to comply with certain obligations, and refers to the franchise agreement for its proper interpretation.  With respect to the remaining allegations in paragraph 14, they

DEFENDANT 7-ELEVEN, INC.'S ANSWER TO THE AMENDED COMPLAINT

constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to allege facts, they are denied.  By way of further response, 7-Eleven states that it never "classifies" its franchisees as independent contractors; rather, its franchisees are independent business owners who enter into franchise agreements with 7-Eleven in which they agree, among other things, that they are not "employees" of 7-Eleven and are independent contractors.

### A.      7-ELEVEN'S RETAIL CONVENIENCE STORE BUSINESS

15.     7-Eleven admits the allegations contained in paragraph 15.

16.     7-Eleven denies the allegations contained in paragraph 16, except admits that 7-Eleven is a franchisor of convenience stores in the United States, including California.

### B.      THE FRANCHISE AGREEMENT

17.     7-Eleven denies the allegations contained in paragraph 17, and refers to the franchise agreements and the settlement agreement in *7-Eleven Owners for Fair Franchising v. The Southland Corporation* for the full terms and provisions thereof.

18.     7-Eleven admits the allegations contained in the first sentence of paragraph 18.  7-Eleven denies any and all remaining allegations in paragraph 18, and refers to any referenced franchise agreements for the full terms and provisions thereof.

19.     7-Eleven admits the allegations contained in paragraph 19, except denies that the 2004 franchise agreement was "approved pursuant to OFFF Litigation."

### C.      GENERAL CONTROLS UNDER DEFENDANT'S FA

20.     7-Eleven denies the allegations contained in paragraph 20, and refers to the "2016 FTC disclosures" referenced in the Complaint for the full terms and provisions thereof.

21.     7-Eleven denies the allegations contained in paragraph 21.

1. **Financial Controls**

   a. **Defendant's Fees and Charges**

22.   7-Eleven denies the allegations contained in paragraph 22, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

23.   7-Eleven denies the allegations contained in paragraph 23, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

   b. **Defendant's Control Over Money**

24.   7-Eleven denies the allegations contained in paragraph 24, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

   c. **Defendant's Control Over Accounting Matters**

25.   7-Eleven denies the allegations contained in paragraph 25, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

26.   7-Eleven denies the allegations contained in paragraph 26, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

   d. **Defendant's Control as Discretionary Secured Lender**

27.   7-Eleven denies the allegations contained in paragraph 27, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to

certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

28.    7-Eleven denies the allegations contained in paragraph 28, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

29.    7-Eleven denies the allegations contained in paragraph 29, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

30.    7-Eleven denies the allegations contained in paragraph 30, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

## 2.    <u>Work Controls</u>

### a.    <u>Work Without Pay Before Acceptance as a Franchisee</u>

31.    7-Eleven denies the allegations contained in paragraph 31, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

### b.    <u>Franchisees Must Operate Their Stores Every Day of the Year</u>

32.    7-Eleven denies the allegations contained in paragraph 32, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

33.    7-Eleven denies  the allegations contained in paragraph 33, except admits and avers that, in their respective franchise agreements, each plaintiff agreed

DEFENDANT 7-ELEVEN, INC.'S ANSWER TO THE AMENDED COMPLAINT

to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

           **c.**      **Monies Paid To Franchisees for Their Work**

34.     7-Eleven denies the allegations contained in paragraph 34, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

35.     7-Eleven denies the allegations contained in paragraph 35, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

36.     7-Eleven denies the allegations contained in paragraph 36, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

37.     7-Eleven denies the allegations contained in paragraph 37, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

38.     7-Eleven denies the allegations contained in paragraph 38.

         **3.**      **Operational Controls**

           **a.**      **Control Over Product and Services Sold**

39.     7-Eleven denies the allegations contained in paragraph 39, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

40.     7-Eleven denies the allegations contained in paragraph 40, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to

certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

### b.     Control Over Sources Used to Acquire Product and Services Sold

41.     7-Eleven denies the allegations contained in paragraph 41, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

42.     7-Eleven denies the allegations contained in paragraph 42, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

### c.     Control Over How Products and Services Are Sold

43.     7-Eleven denies the allegations contained in paragraph 43, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

44.     7-Eleven denies the allegations contained in paragraph 44, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

45.     7-Eleven denies the allegations contained in paragraph 45.

### d.     Control Over Advertising

46.     7-Eleven denies the allegations contained in paragraph 46, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

DEFENDANT 7-ELEVEN, INC.'S ANSWER TO THE AMENDED COMPLAINT

47.     7-Eleven denies the allegations contained in paragraph 47, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

48.     7-Eleven denies the allegations contained in paragraph 48, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

### e.     **Control Over Use of Store Premises**

49.     7-Eleven denies the allegations contained in paragraph 49, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

### f.     **Control Over Food Service Standards**

50.     7-Eleven denies the allegations contained in paragraph 50, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

51.     7-Eleven denies the allegations contained in paragraph 51, except admits and avers that it has an Operations Manual, and refers to that Manual for the full terms and provisions thereof.

52.     7-Eleven denies the allegations contained in paragraph 52.

### g.     **Control Over Information and ideas Generated from Store Operations**

53.     7-Eleven denies the allegations contained in paragraph 53, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

54.    7-Eleven denies the allegations contained in paragraph 54, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

55.    7-Eleven denies the allegations contained in paragraph 55, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

56.    7-Eleven denies the allegations contained in paragraph 56, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

57.    7-Eleven denies  the allegations contained in paragraph 57, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

58.    7-Eleven denies the allegations contained in paragraph 58, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

### h.    <u>Control Over Maintenance of Store Premises and Equipment</u>

59.    7-Eleven denies the allegations contained in paragraph 59, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

60.    7-Eleven denies the allegations contained in paragraph 60, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to

certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

### i. <u>Control Over General Business Operations</u>

61.     7-Eleven denies the allegations contained in paragraph 61, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

62.     7-Eleven denies the allegations contained in paragraph 62, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

63.     7-Eleven denies the allegations contained in paragraph 63, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

64.     7-Eleven denies the allegations contained in paragraph 64, except admits and avers that it has an Operations Manual, and refers to that Manual for the full terms and provisions thereof.

65.     7-Eleven denies the allegations contained in paragraph 65, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

66.     7-Eleven denies the allegations contained in paragraph 66, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

67.     7-Eleven denies the allegations contained in paragraph 67, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to

DEFENDANT 7-ELEVEN, INC.'S ANSWER TO THE AMENDED COMPLAINT

certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

68.     7-Eleven denies the allegations contained in paragraph 68, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

69.     7-Eleven denies the allegations contained in paragraph 69, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

70.     7-Eleven denies the allegations contained in paragraph 70, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

### j.     <u>Control Over Management of Store Employees</u>

71.     7-Eleven denies the allegations contained in paragraph 71, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

72.     7-Eleven denies the allegations contained in paragraph 72, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

73.     7-Eleven denies the allegations contained in paragraph 73, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

74.    7-Eleven denies the allegations contained in paragraph 74, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

75.    7-Eleven denies the allegations contained in paragraph 75, except admits that it has an Operations Manual, and refers to the Operations Manual for the full terms and provisions thereof.

76.    7-Eleven denies the allegations contained in paragraph 76.

### k.    Oversight to Insure Compliance

77.    7-Eleven denies the allegations contained in paragraph 77, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

### D.    ADDITIONAL FACTS  RELEVANT TO THE MISCLASSIFICATION OF FRANCHISEES

78.    7-Eleven denies  the allegations in paragraph 78, except admits that the Named Plaintiffs purport to bring claims individually and on behalf of Plaintiffs against 7-Eleven for violation of laws under the FLSA and California law.

### 1.    Misclassification of Franchisees Under the FLSA

### a.    Judicial Construction of the Controlling Statutory Language

79.    The allegations contained in paragraph 79 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 79 may be deemed to allege facts, they are denied.

80.    The allegations contained in paragraph 80 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 80 may be deemed to allege facts, they are denied.

#### b. The Federal Six-Factor "Economic Realities" Test

81. The allegations contained in paragraph 81 constitute conclusions of law to which no responsive pleading is required. To the extent that the allegations in paragraph 81 may be deemed to allege facts, they are denied.

82. The allegations contained in paragraph 82 constitute conclusions of law to which no responsive pleading is required. To the extent that the allegations in paragraph 82 may be deemed to allege facts, they are denied.

#### c. 7-Eleven Franchisees are Employees Under the Six-Factor  Test

##### i. Factor No. 1:  Right to Control

83. 7-Eleven denies the allegations contained in paragraph 83.

84. 7-Eleven denies the allegations contained in paragraph 84, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

85. 7-Eleven denies the allegations contained in paragraph 85, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

86. 7-Eleven denies the allegations contained in paragraph 86, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

87. 7-Eleven denies the allegations contained in paragraph 87, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.  By way of further response, 7-Eleven refers to the Operations Manual for the full terms and provisions thereof.

88.     7-Eleven denies the allegations contained in paragraph 88, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.  By way of further response, 7-Eleven refers to the Operations Manual for the full terms and provisions thereof.

ii.     **Factor No. 2:  Opportunity for Profit or Loss Based Upon Managerial Skill**

89.     7-Eleven denies the allegations contained in paragraph 89.

90.     7-Eleven denies the allegations contained in paragraph 90.

iii.     **Factor No. 3:  Relative Investment in Equipment, Materials and Helpers**

91.     7-Eleven denies the allegations contained in paragraph 91.

iv.     **Factor No. 4:  Special Skill for Services Rendered**

92.     7-Eleven denies the allegations contained in paragraph 92.

v.     **Factor No. 5:  Permanence of the Working Relationship**

93.     The allegations contained in paragraph 93 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 93 may be deemed to allege facts, they are denied.  7-Eleven refers to the franchise agreements for the full terms and provisions thereof.

vi.     **Factor No. 6:  Whether Services Performed Are An Integral Part of Employer's Business**

94.     The allegations contained in paragraph 94 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 94 may be deemed to allege facts, they are denied.  7-Eleven refers to the franchise agreements for the full terms and provisions thereof.

### vii.    Summary of the FLSA Six-Factor Analysis

95.    The allegations contained in paragraph 95 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 95 may be deemed to allege facts, they are denied.

96.    7-Eleven denies the allegations contained in paragraph 96.

97.    7-Eleven denies the allegations contained in paragraph 97.

98.    7-Eleven denies  the allegations contained in paragraph 98.

99.    7-Eleven denies the allegations contained in paragraph 99.

100.   7-Eleven denies the allegations contained in paragraph 100.

101.   7-Eleven denies the allegations contained in paragraph 101.

## 2.    Misclassification of Franchisees Under California Law

### a.    California Law

102.   The allegations contained in paragraph 102 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 102 may be deemed to allege facts, they are denied.

### b.    The California Three-Prong Test for Employment

103.   The allegations contained in paragraph 103 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 103 may be deemed to allege facts, they are denied.  7-Eleven refers to the franchise agreements for the full terms and provisions thereof.

### c.    Franchisees are Employees Under Each Alternative Test

### i.    Alternative No. 1:  Control Over Wages, Hours and Working Conditions

104.   The allegations contained in paragraph 104  constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 104 may be deemed to allege facts, they are denied.

105.   The allegations contained in paragraph 105 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 105 may be deemed to allege facts, they are denied.

ii.   **Alternative No. 2:  Common Law Employment Test**

106.   7-Eleven denies that it is an employer of franchisees.  The remaining allegations contained in paragraph 106 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 106 may be deemed to allege facts, they are denied.

107.   7-Elevend denies the allegations contained in paragraph 107, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

108.   The allegations contained in paragraph 108 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 108 may be deemed to allege facts, they are denied.  7-Eleven refers to the franchise agreements for the full terms and provisions thereof.

109.   The allegations contained in paragraph 109 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 109 may be deemed to allege facts, they are denied.  7-Eleven refers to the franchise agreements for the full terms and provisions thereof.

110.   The allegations contained in paragraph 110 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 110 may be deemed to allege facts, they are denied.

111.   The allegations contained in paragraph 111 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 111 may be deemed to allege facts, they are denied.  7-Eleven refers to the franchise agreements for the full terms and provisions thereof.

112.   The allegations contained in paragraph 112 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 112 may be deemed to allege facts, they are denied.  7-Eleven refers to the franchise agreements for the full terms and provisions thereof.

113.   The allegations contained in paragraph 113 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 113 may be deemed to allege facts, they are denied.  7-Eleven refers to the franchise agreements for the full terms and provisions thereof.

### iii.   Alternative No. 3:  Suffer or Permit to Work

114.   The allegations contained in paragraph 114 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 114 may be deemed to allege facts, they are denied.  7-Eleven refers to the franchise agreements for the full terms and provisions thereof.

### E.   OTHER REASONS WHY FRANCHISEES ARE MISCLASSIFIED AS INDEPENDENT CONTRACTORS BY DEFENDANT

115.   7-Eleven denies the allegations contained in paragraph 115, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

116.   7-Eleven denies the allegations contained in paragraph 116, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

117.   7-Eleven denies the allegations contained in paragraph 117, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

118.   7-Eleven denies the allegations contained in paragraph 118, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

119.   7-Eleven denies the allegations contained in paragraph 119, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

120.   7-Eleven denies the allegations contained in paragraph 120, except admits and avers that, in their respective franchise agreements, each plaintiff agreed to certain terms, and refers to the franchise agreements for the full terms and provisions thereof.

121.   The allegations contained in paragraph 121 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 121 may be deemed to allege facts, they are denied.

## III.   COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

### A.   FLSA Collective Action Allegations

122.   The allegations contained in paragraph 122 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 122 may be deemed to allege facts, they are denied.

### B.   Class Action Allegations

#### 1.   California Overtime Class

123.   The allegations contained in paragraph 123 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 123 may be deemed to allege facts, they are denied.

## 2.   California Expense Class

124.   The allegations contained in paragraph 124 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 124 may be deemed to allege facts, they are denied.

# IV.   CLAIMS

# COUNT ONE:

# FAILURE TO PAY OVERTIME COMPENSATION
# IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

125.   7-Eleven denies the allegations in paragraph 125, except admits that Count One purports to be pled by the FLSA Named Plaintiffs and all FLSA Collective Action Plaintiffs, against Defendant.

126.   The allegations contained in paragraph 126 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 126 may be deemed to allege facts, they are denied.

127.   The allegations contained in paragraph 127 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 127 may be deemed to allege facts, they are denied.

128.   The allegations contained in paragraph 128 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 128 may be deemed to allege facts, 7-Eleven denies that 7-Eleven had a duty to record plaintiffs' hours, knew of plaintiffs' hours, had a duty to pay plaintiffs for hours worked, that plaintiffs have worked hours for which overtime wages have been owed, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 relating to the work specifically performed by plaintiffs.  By way of further response, 7-Eleven states that it never "classifies" its franchisees as independent contractors; rather, its franchisees are independent business owners who enter into franchise agreements with 7-Eleven in which they

agree, among other things, that they are not "employees" of 7-Eleven and are independent contractors.

129.    The allegations contained in paragraph 129 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 129 may be deemed to allege facts, they are denied.  By way of further response, 7-Eleven admits and avers that plaintiffs are seeking a monetary judgment under the FLSA, but denies that plaintiffs are entitled to any requested relief.

130.    7-Eleven denies the allegations in paragraph 130, except admits and avers that plaintiffs are seeking liquidated damages under the FLSA, but denies that plaintiffs are entitled to any requested relief.

131.    7-Eleven denies the allegations in paragraph 131, except admits and avers that plaintiffs are seeking attorney's fees and costs, and other relief pursuant to the FLSA, but denies that plaintiffs are entitled to any requested relief.

132.    7-Eleven lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132, and therefore denies those allegations.

**COUNT TWO:**

**FAILURE TO PAY OVERTIME COMPENSATION**

**IN VIOLATION OF CALIFORNIA LAW**

133.    7-Eleven denies the allegations in paragraph 133, except admits that Count Two purports to be pled by the California Overtime Class Action Named Plaintiffs and all California Overtime Class Action Plaintiffs, against Defendant.

134.    The allegations contained in paragraph 134 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 134 may be deemed to allege facts, they are denied.

135.    The allegations contained in paragraph 135 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 135 may be deemed to allege facts, they are denied.

136.   The allegations contained in paragraph 136 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 136 may be deemed to allege facts, 7-Eleven denies that plaintiffs have worked hours for which overtime wages have been owed, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 relating to the work specifically performed by plaintiffs.  By way of further response, 7-Eleven states that it never "classifies" its franchisees as independent contractors; rather, its franchisees are independent business owners who enter into franchise agreements with 7-Eleven in which they agree, among other things, that they are not "employees" of 7-Eleven and are independent contractors.

137.   The allegations contained in paragraph 137 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 137 may be deemed to allege facts, they are denied.  By way of further response, 7-Eleven admits that plaintiffs are seeking a monetary judgment under California Labor Code section 1194, but denies that plaintiffs are entitled to any requested relief.

138.   7-Eleven denies the allegations in paragraph 138, except admits that plaintiffs are seeking attorney's fees and costs, and other relief under California Labor Code section 1194, but denies that plaintiffs are entitled to any requested relief.

## COUNT THREE:

## FAILURE TO INDEMNIFY FOR EXPENSES AND LOSSES
## IN VIOLATION OF CALIFORNIA LAW

139.   7-Eleven denies the allegations in paragraph 139, except admits that Count Three purports to be pled by the Named Plaintiffs and all California Expense Class Action Plaintiffs, against Defendant.

140.   The allegations contained in paragraph 140 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 140 may be deemed to allege facts, they are denied.

141.   The allegations contained in paragraph 141 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 141 may be deemed to allege facts, they are denied.

142.   The allegations contained in paragraph 142 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 142 may be deemed to allege facts, they are denied.

143.   The allegations contained in paragraph 143 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 143 may be deemed to allege facts, they are denied.  By way of further response, 7-Eleven admits that plaintiffs are seeking a monetary judgment under California Labor Code section 2802, but denies that plaintiffs are entitled to any requested relief.

144.   The allegations contained in paragraph 144 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 144 may be deemed to allege facts, they are denied.  By way of further response, 7-Eleven admits that plaintiffs are seeking attorney's fees and costs, and other relief under California Labor Code section 2802, but denies that plaintiffs are entitled to any requested relief.

## COUNT FOUR:

## FAILURE TO PROVIDE AND MAINTAIN UNIFORMS AND EQUIPMENT IN VIOLATION OF CALIFORNIA LAW

145.   7-Eleven denies the allegations in paragraph 145, except admits that Count Four purports to be pled by the Named Plaintiffs and all California Expense Class Action Plaintiffs, against Defendant.

146.   The allegations contained in paragraph 146 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 146 may be deemed to allege facts, they are denied.

147.   The allegations contained in paragraph 147 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 147 may be deemed to allege facts, they are denied.

148.   The allegations contained in paragraph 148 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 148 may be deemed to allege facts, they are denied.

149.   The allegations contained in paragraph 149 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 149 may be deemed to allege facts, they are denied.  By way of further response, 7-Eleven admits that plaintiffs are seeking a monetary judgment under California Code of Regulations, title 8, section 11070, subsection 9, but denies that plaintiffs are entitled to any requested relief.

## COUNT FIVE:

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF
### THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

150.   7-Eleven denies the allegations in paragraph 150, except admits that Count Five purports to be pled by the Named Plaintiffs and all Plaintiffs, against Defendant.

151.   The allegations contained in paragraph 151 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 151 may be deemed to allege facts, they are denied, except 7-Eleven admits that it engages in business in California.

152.   The allegations contained in paragraph 152 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 152 may be deemed to allege facts, they are denied.

153.   The allegations contained in paragraph 153 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 153 may be deemed to allege facts, they are denied.  By way of further

response, 7-Eleven admits that plaintiffs are seeking restitution, but denies that plaintiffs are entitled to any requested relief.

154.   The allegations contained in paragraph 154 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 154 may be deemed to allege facts, they are denied.  By way of further response, 7-Eleven admits that plaintiffs are seeking injunctive relief, but denies that plaintiffs are entitled to any requested relief.

**COUNT SIX:**

**UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF**
**THE CALIFORNIA BUSINESS AND PROFESSIONS CODE**

155.   7-Eleven denies the allegations in paragraph 150, except admits that Count Six purports to be pled by the Named Plaintiffs and all Plaintiffs, against Defendant.

156.   The allegations contained in paragraph 156 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 156 may be deemed to allege facts, they are denied, except 7-Eleven admits that it engages in business in California.

157.   The allegations contained in paragraph 157 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 157 may be deemed to allege facts, they are denied.

158.   The allegations contained in paragraph 158 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 158 may be deemed to allege facts, they are denied.  By way of further response, 7-Eleven admits that plaintiffs are seeking restitution, but denies that plaintiffs are entitled to any requested relief.

159.   The allegations contained in paragraph 159 constitute conclusions of law to which no responsive pleading is required.  To the extent that the allegations in paragraph 159 may be deemed to allege facts, they are denied.  By way of further

response, 7-Eleven admits that plaintiffs are seeking injunctive relief, but denies that plaintiffs are entitled to any requested relief.

## V.      PRAYER FOR RELIEF

7-Eleven denies that Plaintiffs, or any member of any putative class they seek to represent, are entitled to any relief, monetary, equitable or otherwise.

## VI.      DEMAND FOR JURY TRIAL

7-Eleven acknowledges Plaintiffs' jury demand, but denies that Plaintiffs are entitled to a jury trial with respect to any of the equitable relief sought in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of the named Plaintiffs and/or the Putative Class members or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative defenses to Plaintiffs' Amended Complaint.

## FIRST DEFENSE

Each of the claims fails to state a claim for which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands and/or laches.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant's alleged acts or omissions did not cause plaintiffs to incur or sustain any damages.

## FIFTH DEFENSE

Plaintiffs failed to use reasonable means under the circumstances to avoid or minimize their alleged damages.

**SIXTH DEFENSE**

7-Eleven at all times acted in good faith and with reasonable grounds for believing its actions were lawful.

**SEVENTH DEFENSE**

Each plaintiff has failed to comply with the requirements imposed by their franchise agreements and other agreements ancillary or collateral thereto.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the express terms of their respective franchise agreements and other agreements ancillary or collateral thereto.

**NINTH DEFENSE**

Plaintiffs do not qualify as non-exempt employees under the Fair Labor Standards Act or California Law.

**TENTH DEFENSE**

Plaintiffs are not entitled to overtime wages under the Fair Labor Standards Act or California law.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages were cause by Plaintiffs' own acts and/or omissions.

**TWELFTH DEFENSE**

Plaintiffs' claims are preempted, in whole or in part, by the Federal Trade Commission's Franchise Rule, 16 C.F.R. §§ 436, 437.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs have released the right to seek relief for the conduct alleged in the Amended Complaint.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred by the fact that Plaintiffs are independent contractors as a matter of law.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred by payment, setoff, settlement, and/or accord and satisfaction.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the terms of the respective franchise agreements.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred because, to the extent Plaintiffs are deemed employees (which they are not), Plaintiffs are exempt from any applicable minimum wage and overtime laws on the grounds that they are bona fide executives, administrative and/or professional persons.

### EIGHTEENTH DEFENSE

7-Eleven lacks knowledge or information sufficient to form a belief as to whether it has other, as yet unstated, defenses.  7-Eleven reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery or otherwise, and reserves the right to amend its Answer to assert any such defense.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of estoppel and/or quasi-judicial estoppel based on their sworn declarations under oath and/or penalties of perjury that they are independent contractors in multiple tax filings with applicable federal, state and/or local taxing authorities, as well as in their franchise agreements with 7-Eleven, which they explicitly acknowledged were entered into voluntarily.

### TWENTIETH DEFENSE

Any alleged violation of the FLSA by Defendant was not willful, and therefore all claims are limited to a two-year limitations period calculated from the "opt-in"

date of the Plaintiffs or any future plaintiff or member of the Putative Class who files her or his written consent to join this action.

### TWENTY-FIRST DEFENSE

Defendant at all times acted reasonably and in good faith in attempting to comply with any obligations it may have had under the FLSA and/or the California Labor Code to Plaintiffs and the Putative Class (all of which obligations are denied). Accordingly, liquidated damages are not available to Plaintiffs or members of the Putative Class under the provisions of the FLSA or the California Labor Code.

### TWENTY-SECOND DEFENSE

To the extent Defendant is found to be an employer of Plaintiffs and/or of Putative Class members, Plaintiffs and Putative Class Members are equally liable because they are joint employers of themselves and the Putative Class members and their employees.

### TWENTY-THIRD DEFENSE

Plaintiffs' purported claims under the FLSA are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because any actions taken or not taken by Defendant giving rise to this action were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### TWENTY-FOURTH DEFENSE

Plaintiffs' purported claims under the FLSA are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions by Defendant giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

## TWENTY-FIFTH DEFENSE

Defendant cannot be liable for any alleged violation of California Business and Professions Code Sections 17200 et. seq. because any such action, conduct and/or dealings with Plaintiffs and Putative Class members, if any, were lawful and were carried out in good faith and for legitimate business and economic considerations.

## TWENTY-SIXTH DEFENSE

Plaintiffs' and Putative Class members have not suffered any loss of money or property as defined under the California Business & Professions Code Sections 17200 et seq., and therefore lack standing to pursue some or all of the purported claims alleged in the Amended Complaint.

## TWENTY-SEVENTH DEFENSE

Plaintiffs and Putative Class members cannot recover penalties or certain other monetary remedies under California Business and Professions Code sections 17200 et seq.

## TWENTY-EIGHTH DEFENSE

After-acquired evidence of Plaintiffs' misconduct, if discovered, may bar some or all of Plaintiffs' claims, allegations or alleged damages.

## TWENTY-NINTH DEFENSE

The damages demanded by Plaintiffs in their Complaint must be set off against, or reduced by any wages, compensation or other benefit received by Plaintiffs or which was earnable or receivable with the exercise of due diligence by Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1.       That Plaintiffs take nothing by way of their Amended Complaint;

2.       That Plaintiffs are not entitled to any damages, penalties, restitution, injunctive relief, declaratory relief or any other legal or equitable remedy due to any act or omission of Defendant;

3.     That the Amended Complaint be dismissed, in its entirety, with prejudice;

4.     That judgment be entered in favor of Defendant and against Plaintiffs on the entire Amended Complaint and all causes of action;

5.     For costs and attorney's fees incurred by Defendant in connection with this action; and

6.     For any other and further relief that the Court may deem just and proper.

Dated:  November 30, 2017.       ARNOLD & PORTER KAYE SCHOLER LLP


By:  /s/ James F. Speyer
       James F. Speyer
       Attorneys for Defendant/Cross-Claimant
       7-Eleven, Inc.