NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SERGE HAITAYAN, JASPREET DHILLON, ROBERT ELKINS, and MANINDER "PAUL" LOBANA, individually, and on behalf of others similarly situated, | Case No.: 2:17-cv-7454 JFW (JPRx) |
| Plaintiffs/Counterdefendants, | **PROTECTIVE ORDER** |
| v. | |
| 7-ELEVEN, INC., a Texas corporation, | |
| Defendant/Counterclaimant. | |
| ------------------------------------------------- | |
| 7-ELEVEN, INC., a Texas corporation, | |
| Third-Party Plaintiff, | |
| vs. | |
| LOBANA CORPORATION, | |
| Third-Party Defendant. | |

The Court, having reviewed and considered the Joint Stipulated Protective Order filed by Plaintiffs/Counterdefendants SERGE HAITAYAN, JASPREET DHILLON, ROBERT ELKINS, and MANINDER "PAUL" LOBANA, individually, and on behalf of others similarly situated, and Defendant/Counterclaimant/Third-Party

Plaintiff 7-ELEVEN, INC. (individually a "party," and collectively the "parties"), and for good cause shown, now grants and enters the parties' Stipulated Protective Order as follows:

1. In connection with discovery proceedings in this action, the parties or any other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Stipulated Protective Order ("Order"). Confidential documents, things, materials, testimony or other information (collectively, "Confidential Information") is information which has not been made public and which (i) concerns or relates to the processes, operations, type of work, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained; (ii) is personal information; (iii) is protected from disclosure by contractual obligations with third-party vendors; or (iv) is otherwise protectable under applicable law.

2. By designating Confidential Information, or information derived therefrom as Confidential, under the terms of this Order, the party making the designation is certifying to the Court that there is good cause and a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3. Confidential documents shall be so designated by stamping the confidential portions of copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless

otherwise indicated by the producing party. Other Confidential Information (e.g., things, materials, testimony or other information derived therefrom) must be appropriately identified or described by the party seeking to designate it as Confidential. Mass, routine or indiscriminate confidential designations are prohibited and may subject of the designator to sanctions. Only those portions of a document that are confidential should be so designated.

4. Testimony taken at a deposition, conference, or hearing may be designated as Confidential Information by making a statement to that effect on the record at the deposition or other proceeding, specifically identifying and limiting the testimony deemed Confidential. For testimony given in depositions, the designating party must either: (a) identify on the record before the close of the deposition all Confidential testimony, by specifying all portions that qualify as Confidential; or (b) designate at the beginning of the deposition the testimony expected to be Confidential, reserving the right to identify only specific portions of the testimony as to which protection is sought within ten days after receipt of the deposition transcript. In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing Confidential Information may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL," as instructed by the designating party. This order does not apply to the treatment of confidential information at trial.

5. Confidential Information under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from Confidential Information shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose, unless otherwise directed by a further order of this Court.

6. Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the

3
PROTECTIVE ORDER
2:17-cv-7454 JFW (JPRx)

"Qualified Persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action, but only to the extent reasonably necessary to render such assistance;

    (c) court reporter(s) employed in this action;

    (d) a witness at any deposition or other proceeding in this action, but only during the course of, or in preparation for, his or her deposition or testimony;

    (e) any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties, and the mediator's or arbitrator's secretarial and clerical personnel;

    (f) outside photocopying, translation, document management, litigation support, trial graphics, e-discovery, and exhibit preparation services engaged by a party for purposes of this action, provided however that such employees have access to Confidential Information only to the extent necessary to perform their duties; and

    (g) any other person as to whom the parties in writing agree.

    7. Prior to receiving any Confidential Information, each "Qualified Person" must be provided with a copy of this Order, and must execute a non-disclosure agreement in the form of Attachment A. Counsel for the party who obtains the signed non-disclosure agreement must retain the signed agreement until the conclusion of this action.

    8. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" ("Attorney's Eyes Only Material"), in the manner described in paragraphs 2, 3 and 4, above. Attorney's Eyes Only Material and the

information contained therein shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "Qualified Persons" in accordance with paragraph 6(b), 6(c) and 6(e), above; however, Attorney's Eyes Only Material shall not be permitted to be disclosed to the persons identified in paragraph 6(a) or 6(d), above, unless the parties agree in writing or on the record, or it is ordered by the Court. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

9. The inadvertent production of any Confidential Information shall be without prejudice to any claim that such item is Confidential, and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Confidential Information that is subject to a Confidential designation is inadvertently produced without such designation, the party that inadvertently produced the Confidential Information must give written notice of such inadvertent production within ten days of discovery of the inadvertent production, together with a further copy or description of the Confidential Information. Upon receipt of notice of the inadvertently produced Confidential Information the receiving party must promptly replace the inadvertently produced information with the appropriately designated Confidential Information (if applicable). This provision is not intended to apply to any inadvertent production of any information protected by the attorney-client privilege or work product doctrine.

10. In the event that counsel for a party receiving Confidential Information objects to the designation, the party objecting must advise opposing counsel in writing within ten days. If the parties cannot resolve the issue, either party may seek clarification or a further Order from the Court under Local Rule 37 to resolve the dispute. Pending a resolution of the dispute, the Confidential designation will remain in place.

11. Nothing herein shall impose any restrictions on the use or disclosure by a

party of its own Confidential Information, or of material obtained by a party independent of discovery in this action (whether or not such material is also obtained through discovery in this action). However, if the party publicly discloses any of its own Confidential Information then the receiving party will no longer be obligated to treat such information as Confidential under this Order. The entry of this Order also does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any party with respect to the discovery of matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any party's right to contest any such assertion.

12. If Confidential Information, including any portion of a transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential - Subject to Court Order" and filed under seal in compliance with Local Rule 79-5 until further order of this Court.

13. The Parties must meet and confer regarding the procedures for use of Confidential Information at a hearing and at trial, and seek any appropriate orders. In the event that any Confidential Information is used in any court proceeding in this action, it shall not lose its Confidential status through such use unless the Court orders otherwise, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

14. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time consistent with the Court's scheduling order the question of whether any particular document or information is confidential or whether its use should be restricted, or (b) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

15. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the

Court unnecessarily in the process. Nothing in this Order, nor the production of any Confidential Information under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16. Nothing in this Order shall affect the admissibility into evidence of Confidential Information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Information. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. Any party, or other person subject to the terms of this Order, may ask the Court, after appropriate notice to the other parties, to modify or grant relief from any provision of this Order.

17. Each recipient of Confidential Information shall maintain such information in a secure, safe area and shall exercise, at a minimum, the same standard of care with respect to the storage, custody, use and dissemination of such information as is exercised by the recipient with respect to its own Confidential information, but in no case less than reasonable care.

18. If Confidential Information is disclosed to any person other than in a manner authorized by this Order, the person responsible for such disclosure shall upon the discovery of the disclosure immediately inform outside counsel of record of the party whose information is disclosed, shall inform counsel of all pertinent facts relating to such disclosure, and shall work in good faith with counsel to retrieve such information, including making every effort to retrieve the improperly disclosed Confidential Information and to prevent further unauthorized disclosure on its own part and unauthorized use or disclosure on the part of the recipient of the Confidential Information.

19. This Order shall survive the final termination of this action, to the extent

that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall maintain all Confidential Information and Attorney's Eyes Only material in a secure manner consistent with the terms of this Order. Within one year and sixty (60) days, after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall return all Confidential Information produced in this litigation (other than exhibits at the official court of record) to the designating party or shall destroy such information at their own cost. However, documents or materials that contain Confidential Information of a designating party and the work product of the party in possession of the documents or materials need not be returned to the designating party or destroyed. Counsel for any party or third party receiving Confidential Information shall make written certification of compliance with this provision and shall deliver the same to counsel for each designating party within one year and one hundred twenty (120) days after the conclusion of this action, including the exhaustion of all appeals. The terms and provisions of this Order will remain in effect until such time as counsel for the parties return Confidential Information produced in this litigation to the designating party, or until such information is destroyed by counsel for the parties. The attorneys of record for each party shall be entitled to retain all pleadings, motion papers, court filings, deposition transcripts (and exhibits), legal memoranda, correspondence, notes, and work product.

**IT IS SO ORDERED:**

Dated: January 16, 2018    By: /s/ Jean Rosenbluth
                               Jean P. Rosenbluth
                               United States Magistrate Judge

9

# ATTACHMENT A
# NON-DISCLOSURE AGREEMENT

I, _____, affirm that I have read and am familiar with the Plaintiffs and Defendant's Stipulated Protective Order in the case of *Haitayan, et al v. 7-Eleven, Inc.*, Case No. 2:17-cv-7454 JFW (JPRx), in the United States District Court for the Central District of California. I hereby agree to comply with and be bound by the terms and conditions of the Order, unless and until modified by further Order of the Court. I also hereby consent to the jurisdiction of the Court for purposes of enforcing this Order.

Dated: _____  _____

_____
*Print name*